This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39519

**JOSEPH MARQUEZ and LAURA MARQUEZ,**

Plaintiffs-Appellants,

v.

**NEW MEXICO DEPARTMENT OF TRANSPORTATION,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Jason Lidyard, District Judge**

Grayson Law Office
Brian G. Grayson
Albuquerque, NM

Keller & Keller, LLC
Michael G. Duran
Daniel T. Cornish
Samantha L. Drum
Albuquerque, NM

for Appellants

Paul S. Grand
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** This is an appeal from the grant of summary judgment in favor of the New Mexico Department of Transportation (Defendant). This Court issued a notice of proposed summary disposition proposing to reverse because the judgment entered relied upon a finding that Defendant's inspection of roadways "on a weekly or bi[]weekly basis . . . would be reasonable." [2 RP 400] *See Lujan v. N.M. Dep't of Transp.*, 2015-NMCA-005, ¶ 33, 341 P.3d 1 ("Questions of 'reasonableness' are quintessential issues for a jury to resolve." (quoting *Martinez v. N.M. Dep't of Transp.*, 2013-NMSC-005, ¶ 47, 296 P.3d 468)). Defendant has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we are unpersuaded and reverse and remand this case to the district court for further proceedings.

**{2}** Defendant's memorandum directs our attention to the district court's recitation that, "[r]elying upon *Lujan* . . ., the [c]ourt finds that the inspection procedures followed by [Defendant] were reasonable and that no genuine issue of material fact has been raised as to the reasonableness of those inspection procedures." [MIO 1; 2 RP 399] As our notice explained, there appears to be no dispute regarding the fact that Defendant conducts regular inspections and that it is possible a fence was damaged shortly before the incident giving rise to this litigation. [CN2] These undisputed facts give rise to alternative inferences, either that Defendant's actions, as revealed by the undisputed facts, were reasonable under the circumstances or that they were not. Which of those inferences prevails is a question for a jury to resolve. *Lujan*, 2015-NMCA-005, ¶ 33.

**{3}** In its memorandum, Defendant emphasizes that Plaintiff "produced no evidence that would support an inference that [Defendant] acted unreasonably in inspecting the fences." [MIO 2] This argument misstates the applicable standard, pursuant to Rule 1-056 NMRA. The party moving for summary judgment has the burden of establishing, on the basis of the undisputed facts, a right to judgment as a matter of law. Rule 1-056(C). Where it is possible to draw conflicting inferences, even from undisputed underlying facts, the moving party has not established a right to judgment as a matter of law, and summary judgment is inappropriate. *State ex rel. Child., Youth & Fams. Dep't v. Erika M.*, 1999-NMCA-036, ¶ 13, 126 N.M. 760, 975 P.2d 373.

**{4}** Defendant's memorandum does not persuade us that our proposed disposition was based upon any error of fact or law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (holding that "in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law"). Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we reverse the summary judgment entered below and remand this case for further proceedings.

**{5}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**